UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 15-22203-CIV-GAYLES

ALPHA MARINE ENGINEERING,
INC.,

    Plaintiff,
v.

MICHAEL PICKTHORNE, an
Individual d/b/a/ ALPHA
MARINE SURVEYORS,

    Defendant.
_____/

## ORDER

**THIS CAUSE** came before the Court on Plaintiff's Motion for Entry of Final Default Judgment [ECF No. 18]. The Court has reviewed the Motion and the record and is otherwise fully advised.

    1.    Plaintiff brought this action against Defendant Michael Pickthorne d/b/a Alpha Marine Surveyors ("Defendant") for trademark infringement under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); federal unfair competition under the Lanham Act §§ 43(a) and/or 43(d)(1), 15 U.S.C. §§ 1125(a) and/or 1125(d)(1); federal cybersquatting under the Lanham Act §43(d), 15 U.S.C. § 1125(d)(1)(A); common law trademark infringement; and unfair competition in violation of Florida common law. [ECF No. 1].

    2.    On July 7, 2015, Plaintiff served Defendant [ECF No. 4].

    3.    Defendant failed to answer or otherwise respond to the Complaint. As a result, Plaintiff moved for, and the Clerk entered, a default against Defendant [ECF No. 8].

    4.    As a result of Defendant's failure to answer Plaintiff's Complaint, or otherwise

appear in this action at all, the Court accepts as true the following allegations in the Complaint:

    a.    Plaintiff has used the trademark, ALPHA MARINE SURVEYORS (the "Mark") since 1982. The Mark has been federally registered for over three (3) years. (U.S. Reg. No. 3,882,931).

    b.    As a result of Plaintiff's long term use, the mark has acquired secondary meaning in the marketplace, symbolizing the extensive good will created by Plaintiff. As a result, the Mark is of great value to Plaintiff.

    c.    Defendant has willfully and intentionally adopted a confusingly similar mark (the "Infringing Mark") to trade off of the good will generated by Plaintiff.

    d.    Defendant's use of the Infringing Mark is likely to cause consumers to be confused as to the source, sponsorship or affiliation of their services.

    e.    Defendant's unauthorized acts as described herein have caused and will continue to cause irreparable damage to Plaintiff's business and goodwill unless restrained by this Court. Plaintiff has no adequate remedy at law.

    f.    Defendant's actions in using the Infringing Mark constitute trademark infringement under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); federal unfair competition under the Lanham Act §§ 43(a) and/or 43(d)(1), 15 U.S.C. §§ 1125(a) and/or 1125(d)(1); federal cybersquatting under the Lanham Act §43(d), 15 U.S.C. § 1125(d)(1)(A); common law trademark infringement; and unfair competition in violation of Florida common law.

    5.    In support of its Motion for Default Judgment, Plaintiff submits invoices, received by Seven Season Insurance from Defendant, that reflect Defendant's profits from use of the infringing mark. *See Babbit Electronics, Inc. v. Dynascan Corp.*, 828 F.Supp. 944, 958 (S.D. Fla.

1993) ("Where the defendant's infringement is deliberate and willful, as in this case, an accounting for profits is proper under a theory of unjust enrichment."). These invoices range in date from October 3, 2011, through August 3, 2015, and total $22,690.58. The Court, however, will only consider those invoices dated on or after May 18, 2013, the alleged start of the infringement as set forth in the Complaint. This subset of invoices totals $11,277.36. While Plaintiff is not precluded from seeking damages for the additional invoices in another action or in an amendment to this action, Plaintiff may not, on this motion for default, assert that the infringement occurred at a date prior to that alleged in the Complaint. The Court finds that based on Defendant's willful and deliberate conduct, it is reasonable to treble the damages for a total of $33,832.08. *See* 15 U.S.C. § 1117(a) (Court may enter judgment under Lanham Act "for any sum about the amount found as actual damages, not exceeding three times such amount.").

Based thereon, it is

**ORDERED AND ADJUDGED** that Plaintiff's Motion for Entry of Final Default Judgment [ECF No. 18] is **GRANTED**. It is further

**ORDERED AND ADJUDGED** that a default final judgment is entered in favor of Plaintiff against Defendant as follows:

(1) Plaintiff shall recover from Defendant the sum of $33,832.08.

(2) Defendant is enjoined from further infringing or diluting Plaintiff's federally-registered Mark (U.S. Reg. No. 3,882,931) and from using the words "Alpha Marine Surveyors" to offer its services in the United States. Defendant shall discontinue its use of those words in any industry listing or directory.

(3) The Court retains jurisdiction to determine the amount of attorneys' fees and costs, if any, to be awarded to Plaintiff.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 30th day of December, 2015.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE